IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:04-CR-10-ALM-CAN-1 |
| | § |
| PAUL ANTHONY CASTANEDA | § |
| | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 7, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Anand Varadarajan.

On March 24, 2005, United States District Judge Leonard Davis sentenced Defendant to a term of two hundred and ninety-six (296) months' imprisonment followed by five (5) years of supervised release. On August 26, 2015, Defendant's term of imprisonment was reduced to two hundred and twenty-eight (228) months. On May 15, 2020, Defendant completed his term of imprisonment and began serving the term of supervision. On May 18, 2015, this action was assigned to United States District Judge Amos L. Mazzant, III.

On August 9, 2021, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 99). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall report to the

probation officer and shall submit a truthful and complete written report within the first five days of each month; and (4) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until released from the program by the probation officer. *See* Dkt. 99.

The Petition asserts Defendant violated the foregoing conditions as follows:

- On January 22, 2021, Defendant submitted a urine sample that tested positive for methamphetamine. Defendant subsequently admitted to ingesting both methamphetamine and a hydrocodone tablet, for which he did not have a prescription.
- On June 24, 2021, Defendant submitted a urine sample that tested positive for methamphetamine. Defendant signed an admission form stating same.
- On July 1, 2021, Defendant submitted a urine sample that tested positive for methamphetamine.
- On July 12, 2021, Defendant submitted a urine sample that tested positive for methamphetamine.
- Defendant failed to submit monthly reports, as required, in March, April, and May 2021. Defendant submitted these reports on June 28, 2021. At the time the Petition was written, Defendant had yet to submit his monthly reports for June and July 2021.
- On October 7, 2020, Defendant was instructed to call a drug testing notification line daily and report for drug testing as instructed. Defendant failed to report for drug testing, as instructed, on June 14, 2021, and June 23, 2021. From June 12–24, 2021, Defendant called the line only once.
- On July 23, 2021, Defendant failed to participate in drug testing because he did not provide a sufficient amount of urine for testing, despite being given two chances to do so. The urine that was provided was presumptive positive for methamphetamine.

On February 7, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 110. Defendant entered a plea of true to each allegation, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 110, 111. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the February 7, 2022 hearing, the Court recommends that Defendant be committed to

the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, followed by an additional twenty-four (24) months of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at a Federal Bureau of Prisons facility in the Dallas–Fort Worth area, if appropriate.

**So ORDERED and SIGNED this 8th day of February, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE